UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

Advanced Power Technologies, LLC,          Case No. 20-13304-PGH

    Debtor.                                    Chapter 11
_____/

### ***EXPEDITED* MOTION TO RECONSIDER DISMISSAL ORDER AND TO REINSTATE THIS CHAPTER 11 CASE**

**\*\* Expedited Hearing Requested Pursuant to Local Rule 9075-1 \*\***

**Basis for Expedited Relief**

**On April 24, 2020, the Court dismissed this chapter 11 case to permit the Debtor to apply for a substantial forgivable loan (approximately $1.8 million) pursuant to the Coronavirus Aid, Relief, and Economic Security (CARES) Act. Thereafter, the Debtor applied for and received said forgivable loan. However, since the dismissal, the Debtor has received too many inquiries and demands from creditors, including threats to replevy assets. The Debtor cannot operate without the benefit of the automatic stay and going through the chapter 11 plan process. Accordingly, the Debtor requests that the Court schedule this motion for hearing on an expedited basis on or before <u>Friday, May 8, 2020</u>.**

Advanced Power Technologies, LLC (the "<u>Debtor</u>"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 59, made applicable by Fed. R. Bankr. P. 9023, and Fed. R. Civ. P. 60(b), made applicable by Fed. R. Bankr. P. 9024, requests that the Court reconsider the *Order Granting Emergency Motion to Voluntarily Dismiss Case and Shorten Hearing Notice Period* [ECF No. 60] (the "<u>Dismissal Order</u>") and reinstate this chapter 11 case. In support, the Debtor respectfully states as follows:

{2332/000/00496752}                                1

**Background**

1.  The Debtor is a Florida limited liability company with its corporate office located in Pompano Beach, Florida. The Debtor provides consumers with complete solutions for lighting, signage, and electrical service.

2.  On March 11, 2020, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Petition Date"). The Debtor was operating its business and managing its affairs as a debtor in possession. No trustee, examiner, or statutory committee had been appointed. The section 341 meeting of creditors was held and concluded on April 16, 2020.

3.  On April 22, 2020, the Debtor filed the *Amended Emergency Motion to Voluntarily Dismiss Case and Shorten Hearing Notice Period* [ECF No. 52], wherein the Debtor sought the immediate dismissal of this chapter 11 case in order to access significant forgivable credit under the CARES Act in order to fund payroll.

4.  On April 24, 2020, after notice and a hearing, the Court entered the Dismissal Order, wherein the Court, among other things, dismissed this chapter 11 case without prejudice and denied all pending motions without prejudice as moot.

5.  Following entry of the Dismissal Order, the Debtor applied for and obtained a forgivable loan under the CARES Act in the approximate amount of $1.8 million.

6.  Nonetheless, following entry of the Dismissal Order, the Debtor has received too many inquiries and demands from creditors, including threats to replevy assets. The Debtor realizes that it cannot operate without the benefit of the automatic stay and going through the chapter 11 plan process.

**Relief Requested and Legal Basis in Support**

7. Through this motion, the Debtor requests that the Court reconsider the Dismissal Order and reinstate this chapter 11 case.

8. A motion for reconsideration may be considered under either Rule 59, made applicable by Fed. R. Bankr. P. 9023, or Rule 60(b), made applicable by Fed. R. Bankr. P. 9024.

9. A motion to alter or amend an order or judgment under Rule 59 must be filed no later than 14 days after entry of the subject order or judgment. *See* Fed. R. Bankr. P. 9023. A motion seeking relief from a judgment or order under Rule 60(b) must be filed within a reasonable time after entry of the subject judgment or order. *See* Rule 60(c)(1). This motion is timely filed under both Rule 59 and Rule 60.

10. Under Rule 59, a court may grant a motion to alter or amend an order or judgment if the movant presents: (1) newly discovered evidence that was not available at the time of trial, or (2) evidence in the record that clearly establishes manifest error of law or fact. *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir. 1999) (citing *In re Investors Fla. Aggressive Growth Fund, Ltd.*, 168 B.R. 760, 768 (Bankr. N.D. Fla. 1994)). Under Rule 60(b)(2) and (6), a court may relieve a party from a judgment or order for "newly discovered evidence" or "any other reason that justifies relief."

11. The Debtor submits that circumstances exist that justify the Court to reconsider the Dismissal Order and reinstate this chapter 11 case. At the time the Debtor sought to voluntarily dismiss this case in order to obtain a forgivable loan under the CARES Act, the Debtor was complying with the loan application promulgated by the U.S. Small Business Administration (the "SBA"), which required an applicant to certify that it was not presently a debtor in bankruptcy. If the applicant were a debtor in bankruptcy, the application stated that the loan would not be

approved. Since then, numerous bankruptcy courts have entered temporary restraining orders compelling the SBA to act on the loan applications without regard for an applicant's status as a chapter 11 debtor in possession. *Calais Regional Hospital v. Jovita Carranza (In re Calais Regional Hospital)*, Adv. Proc. No. 20-01006, ECF No. 21 (Bankr. D. Maine May 1, 2020); *Roman Catholic Church of the Archdiocese of Santa Fe v. U.S. (In re Roman Catholic Church of the Archdiocese of Santa Fe)*, Adv. Proc. No. 20-01026, ECF No. 15 (Bankr. D.N.M. May 1, 2020); *Hidalgo County Emergency Service Foundation v. Carranza (In re Hidalgo County Emergency Service Foundation)*, Adv. Proc. No. 20-02006, ECF No. 18 (Bankr. S.D. Tex. April 25, 2020). The bankruptcy court's reason that the SBA exceeded its authority in requiring the above-described certification and that it is in violation of 11 U.S.C. § 525(a). The ruling in *In re Roman Catholic Church of the Archdiocese of Santa Fe* went so far as to state that "[i]f the [SBA's] actions result in [the debtor] not obtaining the $900,000 it requested, [the debtor] may file an adversary proceeding for compensatory and, if appropriate, punitive damages."

12. Accordingly, the Debtor should not have been required to voluntarily dismiss this case in order to obtain forgivable loans under the CARES Act when it otherwise met all other requirements to obtain said loan. The circumstances created by the SBA permit the Court to grant the relief requested herein.

13. Further, at the time the Debtor sought to voluntarily dismiss this case, the Debtor believed that its creditors would work with the Debtor to restructure its debt outside of bankruptcy. Though some creditors have cooperated, others have not, and the Debtor is unable to restructure its debt outside of bankruptcy without the cooperation of all creditors.

14. Obtaining a forgivable loan under the CARES Act was in the best interests of the Debtor's estate and did not unfairly prejudice any parties in interest. Indeed, obtaining the forgivable loan significantly benefitted the Debtor and its creditors.

15. Reconsideration of the Dismissal Order or reinstatement of this chapter 11 case shall neither negate nor adversely affect any of those rights and interests given to TBK Bank, SSB ("TBK"), under and in respect to the Court's Final Financing Order and the Post-Petition Agreements [ECF No. 45]; including, but not limited to, all senior and first priority post-petition liens and security interests granted to TBK, and the Debtor's prepetition and post-petition monetary and non-monetary obligations to TBK shall remain in full force and effect post-dismissal. In accordance herewith, TBK shall be entitled to continue collecting directly from any account debtors all payments made on any accounts.

**WHEREFORE**, the Debtor respectfully requests that the Court hold an expedited hearing on this motion and thereafter enter an order reinstating this chapter 11 case and granting any further relief as the Court deems just and equitable.

Respectfully Submitted,

**SHRAIBERG, LANDAU & PAGE, P.A.**
Attorneys for the Debtor
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: bss@slp.law
Email: jlanphear@slp.law

By: */s/ Bradley S. Shraiberg*
     Bradley S. Shraiberg
     Florida Bar No. 121622
     Joshua B. Lanphear
     Florida Bar No. 125421

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic notices in this case on May 5, 2020.

By: */s/ Bradley S. Shraiberg*